E-FILED
Tuesday, 25 March, 2014 12:13:45 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ROBERT L. WARREN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 14-3020-SEM |
| | ) |
| GREGORY SCOTT, ERIC KUNKEL, | ) |
| MICHAEL BEDNARZ, MARIE | ) |
| DURANT, JAVIER PEREZ, | ) |
| WEXFORD HEALTH SOURCES, | ) |
| INC., and VARIOIUS DEFENDANTS | ) |
| TO BE NAMED LATER, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Plaintiff Robert Warren, proceeding pro se from his detention in the Rushville Treatment and Detention Center ("Rushville"), seeks leave to proceed in forma pauperis on his claims against Defendants under 42 U.S.C. § 1983.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster*

1

*v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (internal quotation omitted).

Warren's Complaint indicates that he is filing this suit based upon equal protection violations, based upon the conditions of his confinement, and based upon receiving cruel and unusual punishment. The only facts contained in his Complaint, however, concern Defendants' alleged failure to provide timely medical care to him.

Warren alleges that, on May 8, 2013, at approximately 5:30 p.m., he began experiencing nausea and fever, and he asked Security Therapy Aide Robert Edwards to notify the Health Care Unit at Rushville of his condition. About an hour later, Security Therapy Aide Steven Brown checked on Warren's condition, discovered that he was still running a fever, and notified Defendant Sergeant Javier Perez and Defendant Captain Marie Durant of Warren's condition.

Warren asserts that he was not transported to the Health Care Unit until approximately 7:20 p.m. because there are no nurses on duty at Rushville between 6:00 p.m. and 7:00 p.m. Warren was examined by Nurse O'Donnell at approximately 8:00 p.m. At 8:20 p.m., Warrant was transferred to a local hospital where, five minutes after his arrival, his appendix burst.

Giving the Complaint the liberal read that it must, the Court finds that Warren's Complaint states a cause of action against Defendant Perez and Durant. Warren does not specify what actions Perez and/or Durant did not did not take, but these are the only two individuals who Warrant identifies and specifically names as

3

party Defendants who had knowledge of his condition but took little or no action to see that he received medical attention.

The United States Court of Appeals for the Seventh Circuit has held:

> In cases where prison officials delayed rather than denied medical assistance to an inmate, courts have required the plaintiff to offer "verifying medical evidence" that the delay (rather than the inmate's underlying condition) caused some degree of harm. *See, e.g., Petty v. County of Franklin, Ohio*, 478 F.3d 341, 344 (6th Cir. 2007); *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005); *Surber v. Dixie County Jail*, 206 Fed. Appx. 931, 933 (11th Cir. 2006). That is, a plaintiff must offer medical evidence that tends to confirm or corroborate a claim that the delay was detrimental.

*Williams v. Liefer*, 491 F.3d 710, 714-15 (7th Cir. 2007); *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010)("A significant delay in effective medical treatment also may support a claim of deliberate indifference, especially where the result is prolonged and unnecessary pain.").

Warren's cause of action may be difficult to prove because the delay only lasted two to three hours, and the Seventh Circuit has held in similar cases—after considering the evidence—that such a short delay did not violate the plaintiff's constitutional rights. *E.g.,*

4

*Walker v. Benjamin*, 293 F.3d 1030, 1038 (7th Cir. 2002)(holding that the doctor was not deliberately indifferent based upon delays between the initial diagnosis and a return of test results); *Langston v. Peters*, 100 F.3d 1235, 1241 (7th Cir. 1996)(holding that a one hour delay caused no detrimental effect); *Ralston v. Hurley*, 2008 WL 41358, * 1 (5th Cir. Jan. 2, 2008)(holding that a nine hour delay caused no detrimental effect); *Palazon v. Secretary for Dep't of Corrections*, 2010 WL 144021, * 1 (11th Cir. Jan. 15, 2010)("Any delay in receiving surgery was because the hernia remained treatable without surgery. That McKenna felt he should have had surgery earlier than he did is insufficient to support a deliberate indifference claim.").

Indeed, the Seventh Circuit has noted that "an unincarcerated individual may well consider oneself fortunate if he received medical attention at a standard emergency room within that short period of time." *Knight v. Wiseman*, 590 F.3d 458, 466 (7th Cir. 2009)(delay of two-and-a-half to three hours). However, the Court cannot make such a determination without a greater factual record. Therefore, the Court will allow Warren's Complaint to proceed against Defendants Perez and Durant.

The Court does not need any further factual development as to the other Defendants, however, because Warren has failed to allege that any of these named Defendants had any personal involvement in his treatment or lack thereof.  "[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'" *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) (quoting *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003)).

The Seventh Circuit has explained that the doctrine of *respondeat superior* (a doctrine whereby a supervisor may be held liable for an employee's actions) has no application to § 1983 actions. *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010). Instead, in order for a supervisor to be held liable under § 1983 for the actions of his subordinates, the supervisor must "approve[] of the conduct and the basis for it." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)("An official satisfies the personal responsibility requirement of section 1983 . . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent.")(internal quotation omitted).

"[S]upervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Backes v. Village of Peoria Heights, Illinois*, 662 F.3d 866, 870 (7th Cir. 2011) (quoting *Chavez*, 251 F.3d at 651)). "In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery." *Gentry*, 65 F.3d at 561.

Warren's Complaint contains no such factual allegations. Accordingly, the Court finds that the Complaint fails to state a cause of action upon which relief can be granted as to the other Defendants.

**IT IS, THEREFORE, ORDERED:**

1. Plaintiff's motion for leave to proceed in forma pauperis [2] is GRANTED. Pursuant to the Court's January 22, 2014 Order, no reduced filing fee will be assessed.

2. Pursuant to a review of the Complaint, the Court finds that Plaintiff states an Eighth Amendment claim against Defendants Javier Perez and Marie Durant for unnecessarily delaying his medical treatment. Any additional claim(s) shall not be

included in the case except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3. Defendants Gregory Scott, Eric Kunkel, Michael Bednarz, Wexford Health Sources, Inc., and Various Defendants to be Named Later are dismissed.

4. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5. The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 60 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After counsel has appeared for Defendants, the Court will enter an Order scheduling deadlines for discovery and dispositive motions.

6. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7. Defendant shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

8. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document

electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

9. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**: **1) SHOW PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS [2] AS GRANTED; 2) TERMINATE DEFENDANTS GREGORY SCOTT, ERIC KUNKEL, MICHAEL BEDNARZ, WEXFORD HEALTH SOURCES, INC., AND VARIOUS DEFENDANTS TO BE NAMED LATER; 3) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES;**

**AND 4) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.**

**LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARHSAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).**

ENTER: March 25, 2014

FOR THE COURT:

                                                        s/ Sue E. Myerscough
                                                         SUE E. MYERSCOUGH
                                         UNITED STATES DISTRICT JUDGE