**E-FILED**
Thursday, 14 January, 2016  03:18:17 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ROBERT L. WARREN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 14-3020 |
| | ) | |
| GREGORY SCOTT, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## SUMMARY JUDGMENT OPINION

Plaintiff, proceeding pro se and presently civilly committed at Rushville Treatment and Detention Facility, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to a serious medical need.  The matter comes before this Court for ruling on the parties motions for summary judgment. (Docs. 33, 36).

## PRELIMINARY MATTER

Plaintiff filed his Complaint on January 21, 2014.  (Doc. 1).  In its Merit Review Opinion, the Court found that Plaintiff stated a claim for deliberate indifference to a serious medical need against Defendant Durant and Defendant Perez.  (Doc. 5).

After discovery closed, Defendants filed a motion for summary judgment.  (Doc. 33).  Plaintiff did not file a response to the Defendants' motion; rather, Plaintiff filed his own motion for summary judgment.  (Doc. 36).  To the extent that Plaintiff responds to the Defendants' arguments in his own motion for summary judgment, the Court will also consider it as a response to the Defendants' original motion.

## LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor.  Ogden v. Atterholt, 606 F.3d 355, 358 (7th Cir. 2010).  The party moving for summary judgment must show the lack of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  "Only disputes over facts that might affect the outcome

of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## FACTS

Plaintiff is civilly committed at Rushville Treatment and Detention Facility ("Rushville" or "TDF") pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILL. COMP. STAT. § 207/1 *et seq.* Defendants are employed at Rushville as Security Therapy Aides ("STA"). In the early morning hours of May 9, 2013, Plaintiff had laparoscopic surgery to remove his appendix. This lawsuit arises from the events leading up to that procedure.

On May 8, 2013, Plaintiff experienced severe abdominal pain, nausea, and fever. Pl. Dep. 8:6-14. Plaintiff requested medical care at approximately 5:35 p.m. from an STA not named as a defendant. Id. 6:10-21. Despite his complaints of pain, Plaintiff was not seen by TDF healthcare officials until approximately 7:15 p.m., after the healthcare staff's scheduled break.

After examination, Plaintiff required transportation to the hospital on a non-emergency basis for further evaluation of the symptoms he displayed during the nurse's examination. At this

point, Plaintiff had his first interaction with Defendant Durant, the administrator on duty.  According to Plaintiff, Defendant Durant stated that Plaintiff "would not be going anywhere" unless the proper paperwork was completed.  The paperwork was completed within twenty (20) minutes, and Plaintiff was transported shortly thereafter.  Plaintiff did not have any interaction with Defendant Perez, either in-person or by telephone, while these events transpired.

## ANALYSIS

As a civil detainee, Plaintiff's claim arises under the Fourteenth Amendment, rather than the Eighth Amendment's proscription against cruel and unusual punishment.  <u>Mayoral v. Sheahan</u>, 245 F.2d 934, 938 (7th Cir. 2001).  Despite this distinction, there exists "little practical difference between the two standards."  <u>Id</u>. (quoting <u>Weiss v. Cooley</u>, 230 F.3d 1027, 1032 (7th Cir. 2000)).

To prevail on a claim for inadequate medical care, the Plaintiff must show that the prison official acted with deliberate indifference to a serious medical need.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 105 (1976).  Deliberate indifference is more than negligence, but does

not require the plaintiff to show that the defendants intended to cause harm.  Mayoral v. Sheehan, 245 F.3d 934, 938 (7th Cir. 2001).  Liability attaches when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).   The parties do not dispute that appendicitis is a serious medical need.

Plaintiff experienced two delays at issue in this lawsuit: (1) a 60-to-90 minute delay in receiving an initial medical examination; and (2) a 20-minute delay while TDF officials completed the paperwork necessary for non-emergency transport to an outside hospital.  "Delay in treating a condition that is painful even if not life-threatening may well constitute deliberate indifference…."  Gonzalez v. Feinerman, 663 F.3d 311, 315 (7th Cir. 2011); see also Berry v. Peterman, 604 F.3d 435, 441 (7th Cir. 2010) ("A significant delay in effective medical treatment also may support a claim of deliberate indifference, especially where the result is prolonged and unnecessary pain." (citation omitted)).  The specific length of a delay is not, in itself, dispositive; instead, "the length of delay that is

tolerable depends on the seriousness of the condition and the ease of providing treatment." <u>McGowan v. Hulick</u>, 612 F.3d 636, 640 (7th Cir. 2010).

Plaintiff argues that Defendant Durant and Defendant Perez should have designated his situation as an emergency, but did not. As a result, Plaintiff argues, he suffered a one-hour delay in transport to the medical unit. Plaintiff testified that at the time he requested medical attention, he was experiencing abdominal pain, fever, and nausea. Pl. Dep. 8:8-10. The pain, however, was still manageable when Plaintiff requested help. <u>Id.</u> 8:11-13. Assuming the Defendants had knowledge of Plaintiff's condition, nothing in the record suggests that they could have known the extent of Plaintiff's condition, or that they could have inferred that Plaintiff needed surgery. In fact, Plaintiff testified that he thought the condition to be much less serious than it turned out to be. <u>Id.</u> 19:7-11 ("I thought I had a bug or something.").

Neither party suggests that Plaintiff's appendicitis could have been easily treated at Rushville. Plaintiff testified that his appendix would have required removal even if he arrived at the hospital an hour sooner. <u>Id.</u> 27:15-19. Perhaps medical staff at Rushville

could have given Plaintiff something to alleviate the pain, but the medical records do not show that any pain medication was given after examination.  If pain medication was administered, Plaintiff later stated to hospital staff that it was ineffective.  (Doc. 34-4 at 3, 25) ("Nothing made it better or worse.").

At the time Plaintiff encountered Defendant Durant, Plaintiff had already been examined by the medical staff and the facility's physician had ordered non-emergency transport to an outside hospital for further tests.  Plaintiff takes issue with Defendant Durant's statement regarding completion of the necessary paperwork, but testified in his deposition that he did not "know if there was much [Defendant Durant] could have done" after Plaintiff's examination.  Pl. Dep. 25:7-8.  Even so, a 20-minute delay to complete paperwork for the non-emergency transport of an individual confined in a secure facility is not an unreasonable amount of time.

Plaintiff has not shown how the delays he experienced exacerbated his condition or resulted in the unnecessary or wanton infliction of pain.  Therefore, the Court finds that a reasonable juror

could not conclude that the Defendants were deliberately

indifferent.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Summary Judgment [36] is DENIED. Defendants' Motion for Summary Judgment [33] is GRANTED.  The clerk of the court is directed to enter judgment in favor of the Defendants and against Plaintiff. All pending motions are denied as moot, and this case is terminated, with the parties to bear their own costs.**

2) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a)(4).  A motion for leave to appeal in forma pauperis MUST identify the issues the Plaintiff will present on appeal to assist the court in determining whether the appeal is taken in good faith. See Fed. R. App. P. 24(a)(1)(c); see also Celske v Edwards, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith."); Walker v. O'Brien, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose...has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.**

ENTERED:   January 14, 2016.

FOR THE COURT:

*s/Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE